DRAPER CO. v. STAFFORD CO.

(Circuit Court of Appeals, First Circuit. April 18, 1912.)

No. 942.

PATENTS (§ 328*)—INFRINGEMENT—IMPROVEMENT IN LOOMS.

The Draper patent, No. 527,014, for an improvement in looms, consisting of mechanism, actuated by a detector, to cause a new supply of filling to be placed in the shuttle when the former supply shall have been exhausted to a predetermined point, construed, and *held* not infringed.

Appeal from the Circuit Court of the United States for the District of Massachusetts.

Suit in equity by the Draper Company against the Stafford Company. Decree for defendant (188 Fed. 811), and complainant appeals. Affirmed.

William K. Richardson, of Boston, Mass. (J. Lewis Stackpole, on the brief), for appellant.

Wilmarth H. Thurston, of Providence, R. I., for appellee.

Before COLT and PUTNAM, Circuit Judges, and BROWN, District Judge.

BROWN, District Judge. This is an appeal from the decree of the Circuit Court dismissing a bill complaining of infringement of letters patent No. 527,014, October 2, 1894, to George O. Draper, for improvement in looms. Claims 1 and 2 are in suit.

"1. In a loom, a shuttle carrying an exposed cop or bobbin, of filling, a detector independent of the shuttle to contact with the filling at predetermined intervals to determine its volume, and devices intermediate the detector and a filling supplying mechanism to cause a new supply of filling to be placed in the shuttle when the former supply shall have been exhausted to a predetermined amount, substantially as described.

"2. In a loom, a lay having a shuttle-box, and a shuttle therein open at one side to expose the filling on a bobbin or cop within said shuttle, combined with a detector independent of the shuttle to enter the latter and contact with the filling wound on the bobbin or cop, for the purpose set forth."

The device of the Draper patent is in line with that class of devices wherein, just before the exhaustion of the "weft" or "filling" upon the bobbin, mechanism appropriate to stop the loom or to introduce a new supply of filling is actuated. The reduction of the amount of filling upon the bobbin to a predetermined point enables a detector, a part intermediate the bobbin and the stopping or filling mechanism, to assume such a position that the detector actuates such mechanism.

This general conception was in the prior art, and is sufficiently illustrated in patents to Crawford and Templeton (British), No. 419, of 1862; Rush and Oldfield, No. 384,934; Brooks, No. 473,378 and No. 473,414.

The Draper invention is distinguished from the prior art by the complainant, through a comparison of Draper's detector and the detectors of the prior art. The main distinction is said to be between a

detector secured to the shuttle and in contact with the filling, and a detector mounted independently of the shuttle, which enters into the shuttle only at predetermined intervals to "feel" the volume of weft on the bobbin.

This distinction from Brooks No. 473,378, however, is based upon the contention that Brooks' detector is lever $R$, which is attached to the shuttle. It may with equal propriety be argued that it is the contact piece $N$, which is independent of the shuttle, or it may be said that Brooks' detector is both lever $R$ and contact piece $N$, and is in part independent of the shuttle and in part dependent.

It is not necessary, however, to determine whether Draper's detector can be thus distinguished from the prior art, for, assuming such distinction, the claims cannot be so broadly construed as to cover all combinations of this class, wherein the detector is not attached to the shuttle.

Draper's specification shows the location of his detector on the lay. His claims use the expression "independent of the shuttle," thus defining the location negatively and not positively. Any location elsewhere than on the shuttle is covered by this negative description in the claims.

The mechanical differences between the Draper device shown and described in the patent and the defendant's structure are too great and too important from a practical and mechanical point of view to be ignored.

It is true that defendant's detector is elsewhere than on the shuttle. It is evident, however, that it makes a very material difference where off the shuttle the detector is located, and that the general conception of a location elsewhere did not solve the practical problem, and did not embrace such a mechanical combination as the defendant's.

Draper selected a particular locality in the broad field of "elsewhere," and located his detector on the lay, which location was unfortunate, since it required that special movements be given to the detector.

The defendant's detector is located on the breast beam, and from this location results an entirely different structure, both in the form of the parts and in their relation and mode of operation.

We find ourselves unable to accept complainant's contention that the Draper patent discloses a fundamental conception that was novel and was as a matter of fact of great value to the art.

Complainant contends that the distinction between the complainant's location of the "feeler" or detector on the lay and the defendant's location on the breast beam is a mere distinction of location and not of function. Yet the great stress of complainant's brief in distinguishing the Draper device from the prior art is placed upon a distinction of location rather than of function.

The general mode of operation shown in the prior art is that the reduced bobbin actuates a detector, which in turn actuates the filling or stopping mechanism. This, also, is the mode of operation with

Draper. It is the mode of operation, whether the feeler works from within the shuttle outwards, or from without the shuttle inwards.

The location of the feeler outside the shuttle is an advance in the art, provided the location is on the breast beam. There is no evidence that location on the lay had any influence on the practical art, or furnished a new conception which was the basis of development of the art.

We are of the opinion that the Draper claims must be read as for a particular combination characterized by the special means through which the reduced bobbin actuates the filling or stopping mechanism.

We agree with the conclusion of the Circuit Court that the defendant's machine does its work on different principles and through substantially different mechanical and structural means, and that there is no infringement.

The judgment of the Circuit Court is affirmed, and the appellee recovers costs in this court.